UNITED STATE DISTRICT COURT
STATE OF NEW MEXICO DISTRICT

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

20 JUN 30 AM 9:09

CLERK-ALBUQUERQUE

Larry Marker
Plaintiff

Vs.

Case No. 20cv631 KRS

Department of the Interior
Bureau of Land Management
Pecos District
Defendant

New Mexico Energy Minerals and
Natural Resources
New Mexico Oil Conservation Division
Defendant

New Mexico State Land Office
Defendant

## CIVIL COMPLAINT
## PRIMA FACIE TORT, EXCESSIVE FINE, FRAUD, NEGLIGENCE, CIVIL CONSPIRACY, FAILURE TO FULLY RESPOND TO FOIA, CAUSATION

1-Larry Marker (Plaintiff) owns and Operates marginally producing oil and gas wells on Federal Leases and New Mexico State Leases in Chaves and Eddy County.

2- Plaintiff operates these wells as Larry Marker or LLJ Ventures a single member LLC owned entirely by Plaintiff.

3- Plaintiff began his operations in 2012 acquiring production properties thru various purchases and trades.

4-Plaintiff made his most substantial acquisition in December of 2015.

5-The nefarious, aggressive, malicious and vexatious actions of the Bureau of Land Management, Roswell and Carlsbad field offices, "Pecos District" (BLM) began shortly thereafter.

6-Evidence does indicate The New Mexico Energy and Minerals and Natural Resources, New Mexico Oil Conservation Division (OCD) and New Mexico State Land Office (SLO) conspired to and did participate at least partially in these activities.

7-The full extent of the SLO and OCD participation cannot be known without a review of the documents requested by Plaintiffs yet to be fully answered FOIA request.

8-The evidenced conspiratorial nature of these activities goes well beyond inter agency cooperation and is a nefarious, planned, coordinated effort on the part of the named agencies that deprived the Plaintiff of fundamental rights and fair, equal treatment.

9-The continuing campaign of intimidation and harassment has resulted in an abusive boiling quagmire of investigations, audits, sanctions, fines, reviews,

inspections and slander eroding Plaintiffs ability to properly operate his wells, maintain and manage his business.

10-The aggregate of these nefarious regulatory activities can only be colored a regulatory maelstrom making a clear case for both cause in fact and proximate cause in the now overall dilapidated condition of Plaintiff's production properties and business.

11- The motive of the Defendants or "what for" question can only be answered by a full review of communications that Plaintiff has requested numerous times.

12-The BLM has thus far failed to fully fulfill the freedom of information requests submitted by Plaintiff.

13-The limited communications Plaintiff was able to acquire prove without question the unrelenting and constant flow of regulatory issues were abusive, intentional, coordinated, malicious, and as applied illegal.

14-The fleshing out of these claims and the Defendants nefarious plot will potentially lead to additional claims and Defendants.

**CLAIM No. 1 Prima Facie Tort.**

15-Evidence shows the BLM prioritized targeting inspections all Plaintiffs production properties shortly after Plaintiff's acquisition of the North Square Lake Property in Eddy County.

16-These subject "priority production inspections" as a whole were not meant to further a regulatory scheme but were akin to illegal pre-textual administrative searches.

17-Defendant's administrative authority and procedures were illegally and improperly applied in a vexatious and malicious manner overwhelming Plaintiffs resources.

18-Plaintiff's production properties prior to his owning them had not been subjected to the same level of scrutiny under any of the previous Owners or Operators.

19-The BLM issued hundreds of written orders and incidence of non-compliance as a result of the "priority inspections" of Plaintiffs production properties.

20-The BLM used on at least one known occasion manipulated photographic evidence to further their nefarious agenda.

21-The BLM as part of their suspect activities maliciously levied against Plaintiff a grossly excessive and negligently miscalculated civil fine of $920.000.00.

22-The BLM's lack of proper care and determination to levy such a sanction against Plaintiff is evidence of the malicious, nefarious and abusive nature of Defendants actions.

23-Unknown to Plaintiff at the time the BLM was conducting an ill-conceived year long criminal investigation against Plaintiff for no known reason.

24-The BLM, not satisfied with the conclusion of the special investigator of Plaintiffs obvious criminal innocence, then proceeded to pursue civil investigations that included administrative audits and reviews of Plaintiffs bonds and production reports.

25-Plaintiff has been subjected to verbal abuse by BLM agents both in person and via unprofessional conversations with private individuals and Plaintiffs employee.

26-The verbal abuse Plaintiff has been subjected to include the phrases "You're a lousy operator", "If you don't like the situation then call your congressman", "We could write a stack of compliance orders anytime we wanted to" and "recognize or acknowledge our authority" and the ever present "full force of the government"

27-Plaintiff has attended several "meetings" with BLM that can only be described as intentionally abusive and designed to intimidate and humiliate, with multiple agents attending each with a pre-prepared number of charges and rude comments.

28-These "meetings" rarely result in anything positive but did provide the BLM the opportunity to further harass Plaintiff, escorts to and from restroom facilities, other ridiculous activities, surprise revelations and document presentations with agent hovering over demanding signatures.

29- These meetings were held apparently to further the stated agency goal to "encourage" specific behavior while intentionally inhibiting the ability of the Claimant to operate his business and properties.

**CLAIM No. 2 Excessive Fine.**

30-The BLM levied on Plaintiff a grossly excessive fine of $920,000.00 for the ceasing of production (shutting in) of two shallow marginally producing wells (Comanche wells).

31-Plaintiff's fine was found to be erroneously calculated during a requested BLM State Director Review.

32-The subject fine was found to be improper and recalculated by the State Director to the amount of $256,672.00.

33-The reduced fine remains grossly excessive, severe and oppressive as to be wholly disproportioned to the offense and is obviously unreasonable.

34-Plaintiff was instructed by the OCD to shut-in the Comanche wells.

35-Regardless of the fact that the BLM had knowledge of, and agreed to the OCD action of shutting in the Comanche wells, the BLM issued the fine.

**CLAIM No. 3 Fraud**

36-The Comanche wells were shut-in pursuant to an agreement between the Plaintiff, the OCD and the BLM. To claim otherwise is fraud.

37-The BLM during the State Director review of the subject fine claimed the OCD denied entering the shut-in agreement.

38-The OCD did, if denying the subject shut-in agreement, committed fraud.

39-The BLM is committing fraud if they are denying knowledge and concurrence of the shut-in agreement.

## CLAIM No. 4 Negligence

40-Defendant's lack of proper care in the substantial miscalculation of the subject excessive fine levied against Plaintiff is on its face negligent.

41-Plaintiff already under regulatory siege was forced to utilize already depleted resources to pursue the process of a Directors Review.

42-The BLM had and has a legal duty to use care in the process of calculating or assessing sanctions.

43-The negligence in the issuance of the subject fine and the resources and energy required to challenge the negligence of the BLM contributed to the overall aggregate of activities that have destroyed Plaintiffs ability to properly maintain a business.

## CLAIM No. 5 Civil Conspiracy.

44-The BLM, OCD and SLO targeted Plaintiff specifically for increased regulatory actions without sufficient cause.

45-Defendants held meetings specifically targeting properties owned and operated by Plaintiff.

46-The SLO without cause named Plaintiff as a specific target of an enhanced joint regulatory action. Plaintiff being the only named target.

47-Defendants conspired to intentionally subjected Plaintiff to substantially more administrative scrutiny and activity than other operators or previous owners or operators of the subject properties.

### CLAIM No. 6 Failure to fully respond to Freedom of Information Act Request.

48-The limited response to the original Freedom of Information Request FOIA NM-2018-070 FOIA BLM -2018-01269 1278 (9500) - revealed discriminatory emails specifically targeting Larry Marker.

49- BLM did not fully respond to Plaintiffs request, providing only limited or redacted communications.

50-BLM did not provide communications from each of the individual agents involved in the subject activities as requested in subsequent FOIA requests.

### CLAIM No. 7 Causation

51-The constant and now year's long campaign of retribution, harassment, malicious abuse and deprivation of basic rights of the Plaintiff have resulted in the near total collapse of the Plaintiff's business, personal life and health.

52-The Plaintiff has exhausted most if not all of his resources and tens of thousands of dollars for attorney and professional fees attempting to comply with what is now revealed to be an nefarious, intentional and premeditated campaign to harass, abuse and "Encourage" specific behavior expected or required by rogue overreaching Federal and State agencies.

53-The amount of time, energy and focus used to address the illegally coordinated inspections and malicious bureaucratic harassment by the BLM have prevented the Plaintiff from properly operating his business in a practical or professional manner.

54-This illegal coordinated campaign of malicious bureaucratic harassment and abuse has made compliance impossible for the Plaintiff on most if not all of his properties.

55-The aggressive and abusive nature of the BLM has made it impossible to distinguish legitimate BLM orders, policies and practices from the nefarious actions meant to "Encourage specific behavior" or intentionally overwhelm Plaintiff's resources eventually to force Plaintiff out of business.

56-Evidence reveals the nefarious nature of the campaign of abuse and harassment directed towards Plaintiff.

**Therefore**: Plaintiff is requesting this Court consider the totality of the malicious, coordinated and illegal actions of these agencies and the resulting severe consequences suffered by Plaintiff over a period of several years. Plaintiff was forced to divest his best and most productive properties in an effort to meet the financial obligations created by the subject regulatory agency activities while also attempting to gain some relief from the relentless coordinated campaign of regulatory abuse perpetrated by the Defendants, Plaintiff was unable to achieve either. Plaintiff is requesting damages and compensation equal to the projected income of divested properties with consideration to the severe hardships caused by the evidenced nefarious and illegal activities of the Agencies involved.

Respectfully submitted:
Larry Marker
PO Box 3188
Roswell NM 88202
larrym_gdc@hotmail.com
575-910-0300

_____ Date 6-26-2020

Defendants:

United States Department of Interior
Bureau of Land Management
Pecos District
2909 West Second Street
Roswell New Mexico 88201-2019


New Mexico State Land Office
310 Old Santa Fe Trail
Santa Fe New Mexico 87501

New Mexico Energy Minerals and
Natural Resources
Oil Conservation Division
1220 South St Francis
Santa Fe New Mexico 87505

Case 2:20-cv-00631-KRS   Document 1   Filed 06/30/20   Page 12 of 12

