UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LARRY MARKER,

        Plaintiff,

v.                                                                                              No. 2:20-cv-00631 MV/KRS

DEPARTMENT OF THE INTERIOR,
Bureau of Land Management, Pecos District;
NEW MEXICO ENERGY MINERALS
AND NATURAL RESOURCES, New Mexico
Oil Conservation Division; and
NEW MEXICO STATE LAND OFFICE,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Motions to Dismiss filed by Defendants New Mexico State Land Office ("NM SLO") and New Mexico Oil Conservation Division ("NM OCD"). (Docs. 18 and 21). Plaintiff has filed responses to the Motions, (Docs. 22 and 25), and Defendants NM SLO and NM OCD ("State Defendants") have filed replies, (Docs. 23 and 28). The Honorable Martha Vázquez referred the case to the undersigned pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to recommend an ultimate disposition of Plaintiff's claims. (Doc. 20). Having considered the Motions to Dismiss and briefing on the Motions, the record of the case, and relevant law, the Court finds the Motions to Dismiss are well-taken and recommends granting them.

    **I.**    **Background**

Plaintiff owns and operates oil and gas wells on federal and New Mexico state leases in Chaves and Eddy Counties. (Doc. 17) at 2 (Amended Complaint). Plaintiff alleges "a nefarious, planned, coordinated effort on the part of the named agencies that deprived Plaintiff of

fundamental property rights, due process and fair, equal treatment." *Id.* at 3.  He further alleges that a "continuing campaign of intimidation and harassment has resulted in an abusive boiling quagmire of investigations, audits, sanctions, fines, reviews, inspections and slander eroding Plaintiff[']s ability to properly operate his wells, maintain and manage his business." *Id.*  Plaintiff states he filed a Federal Tort Claim with Defendant Bureau of Land Management ("BLM"), which was denied on January 28, 2020.  *Id.* at 2.

In his Amended Complaint, Plaintiff brings seven claims:

1. Fourth Amendment Violation and Prima Facie Tort against BLM for inspections and regulatory actions regarding Plaintiff's production properties, a civil fine levied against Plaintiff, and verbal abuse by BLM agents;

2. Eighth Amendment Violation against BLM for the civil fine levied against Plaintiff;

3. Fraud against BLM and OCD regarding an order to shut two of his wells;

4. Negligence against BLM regarding the civil fine;

5. Civil Conspiracy against BLM, OCD, and SLO for targeting Plaintiff "for coercive investigative and regulatory action;"

6. Abuse of Discretion and Failure to Respond to Freedom of Information Act ("FOIA") Requests against BLM for not fully responding to Plaintiff's FOIA requests; and

7. Fifth Amendment Regulatory Taking against BLM, OCD, and SLO for depriving Plaintiff of his business, personal life, and health.

*Id.* at 4-11.  Plaintiff asks the Court to award him "damages and compensation equal to the projected income of divested properties."  *Id.* at 12.

In reviewing a *pro se* complaint, the Court liberally construes the factual allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a *pro se* plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a *pro se* plaintiff must abide by the applicable rules of court.  *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  The Court is not obligated to craft legal theories for the plaintiff or to supply factual

allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the *pro se* litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. Discussion

### A. Jurisdiction

The State Defendants first move to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. "Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted). As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.").

Plaintiff asserts three claims against the State Defendants – Fraud, Civil Conspiracy, and Fifth Amendment Regulatory Taking. (Doc. 17) at 8-10 (Claims 3, 5, and 7). He states that he brings his claims under the Federal Tort Claims Act ("FTCA") and 42 U.S.C. § 1983. *Id.* at 2. The Court lacks subject matter jurisdiction over any claims brought under the FTCA against the State Defendants because "[t]he United States is the only proper defendant in a federal tort claims action." *Gaines v. Pearson*, 516 Fed. Appx. 724, 726 (10th Cir. 2013) (concluding the district court lacked subject matter jurisdiction over plaintiff's FTCA claim against the defendant other than the United States) (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)).

Title 42 Section 1983 also does not provide jurisdiction for Plaintiff's claims against the State Defendants. Section 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). To proceed under Section 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, (2009). Thus, Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Plaintiff does not identify any individual official in his Amended Complaint and, instead, names NM SLO and NM OCD, which are state agencies. As such, the claims against the State Defendants are claims against the State of New Mexico and the State is not a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 67, 71 (1989) (explaining Section 1983 does not abrogate the states' sovereign immunity, and neither the states nor their agencies qualify as "persons" under Section 1983); *see also Wood v. Milyard*, 414 Fed. Appx. 103, 105 (10th Cir. 2011) (unpublished). Therefore, there is no remedy against the State under Section 1983.

In his Response to NM SLO's Motion to Dismiss, Plaintiff names two individuals – Ed Martin and Allison Marks of the SLO. (Doc. 22) at 2-3. These two individuals are not named in

4

Plaintiff's Amended Complaint and Plaintiff does not move to amend his complaint and add them as defendants.  While the Court liberally construes Plaintiff's pleadings since he is proceeding *pro se*, the Court cannot assert claims for Plaintiff and, in considering a motion to dismiss, the Court is "limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint."  *Jojola v. Chavez*, 55 F.3d 499, 494 (10th Cir. 1995).  Moreover, in order to state a claim for relief, a plaintiff must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).  Plaintiff's only allegation about these two individuals is that Mr. Martin sent an email on March 28, 2017 labeling Plaintiff as a "problem operator."  (Doc. 17) at 2.  Plaintiff makes no allegations against Ms. Marks, and, as more fully set forth below, his statement about the email sent by Mr. Martin fails to state a claim for relief for any of the claims brought against the State Defendants.  The Court, therefore, finds that Plaintiff's references to these individuals in his response brief are insufficient to establish jurisdiction over the State Defendants.

To the extent Plaintiff intends to assert claims under the New Mexico Tort Claims Act ("NMTCA"), the State Defendants argue they have not waived sovereign immunity for Plaintiff's claims.  "The Eleventh Amendment to the United States Constitution bars suits for damages against a state or state agency absent congressional abrogation or waiver and consent by the state."  *Ross v. Bd. of Regents of the Univ. of N.M.*, 499 F.3d 1114, 1117 (10th Cir. 2010).  Since Plaintiff's claims are not among those for which the State of New Mexico has waived sovereign immunity, the Court does not have jurisdiction to hear these claims.  *See* N.M.S.A. 1978, § 41-4-4(A), 41-4-5 to 41-4-12 (listing claims for which the State of New Mexico has agreed to waive its sovereign immunity); *Vallo v. United States*, 298 F.Supp.2d 1231, 1234 (D.

N.M. 2003) ("If there is no waiver of sovereign immunity, the government is immune from suit, and the court has no subject-matter jurisdiction to hear the case."); *Derringer v. New Mexico*, 2003-NMCA-073, ¶ 16 (explaining that "[p]rima facie tort is not included in the specific provisions of the [New Mexico] Tort Claims Act," so government entities and public employees acting within the scope of duty are immune from prima facie tort claims).

In addition, the NMTCA requires that before a plaintiff may sue the State of New Mexico for damages, the plaintiff must provide notice of intent to sue:

> Every person who claims damages from the state … under the Tort Claims Act shall cause to be presented to the risk management division for claims against the state … within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the Tort Claims Act, a written notice stating the time, place and circumstances of the loss or injury …. No suit or action for which immunity has been waived under the Tort Claims Act shall be maintained and no court shall have jurisdiction to consider any suit or action against the state … unless notice has been given as required by this section, or unless the governmental entity had actual notice of the occurrence.

N.M.S.A. § 41-4-16.  Plaintiff does not state he provided this notice to either state agency, and NM OCD states it is unaware of any attempt by Plaintiff to provide notice to the state agency. *See* (Doc. 21) at 7.[1]

### B. Failure to State a Claim

The State Defendants also move to dismiss Plaintiff's claims against them for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Under Rule 12(b)(6), the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, or legal conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *In re Zagg, Inc. Sec. Litig.*, 797 F.3d 1194, 1201 (10th Cir. 2015); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989).  To

---

[1] Instead, Plaintiff states that he filed a Federal Tort Claim with the Bureau of Land Management on May 2, 2019, and the claim was denied on January 28, 2020.  (Doc. 17) at 2.

withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Sufficient factual allegations "require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56; *see also Hitch Enters., Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1261 (W.D. Okla. 2012) ("Allegations are not … assumed to be true when they merely restate the essential elements of a claim rather than provide specific facts to support those elements").

In addition, a plaintiff must "nudge [his] claims across the line from conceivable to plausible" in order to successfully resist a motion to dismiss. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In contrast, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Plaintiff brings three claims against the State Defendants – Fraud against NM OCD, and Civil Conspiracy and Regulatory Taking against NM OCD and NM SLO. (Doc. 17) at 8-10. To recover for fraud, a plaintiff must prove: (1) that a representation of fact was made which was not true; (2) the party who made the representation knew it was false or recklessly ignored its

falsity; (3) the statement was made with the intent to deceive the plaintiff; and (4) the plaintiff was deceived.  UJI 13-1633, N.M.R.A.  Additionally, to properly allege fraud in federal court, "a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Rule 9's purpose is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based."  *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010).  "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud , . . . and must set forth the time [and date], place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."  *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-727 (10th Cir. 2006).

    Here, Plaintiff alleges he was cited and fined by BLM while complying with a shut-in order issued by NM OCD, and that NM OCD may have denied the existence of that agreement to the BLM.  (Doc. 17) at 8.  This allegation is a hypothetical which is not sufficient to state a claim that is plausible on its face.  In addition, the claim is conclusory and fails to state with particularity the time, date, place, and contents of the alleged false representation, or the identity of the party making the statement.  Therefore, the Court finds that Plaintiff fails to state a claim for fraud.

    For a civil conspiracy claim, a plaintiff must allege: (1) that a conspiracy between two or more individuals existed; (2) that specific wrongful acts were carried out by the defendants pursuant to that conspiracy; and (3) that the plaintiff was damaged as a result of such acts.  *See Seeds v. Lucero*, 2005-NMCA-067, ¶ 18.  A plaintiff must "allege specific facts showing an agreement and concerted action amongst the defendants."  *Brooks v. Gaenzle*, 614 F.3d 1213, 1228 (10th Cir. 2010) ("Conclusory allegations of conspiracy are insufficient to state a valid §

1983 claim."); *see also Sikkink v. Williams*, 406 F. Supp. 3d 1006, 1021 (D. N.M. 2019) ("[A] plaintiff fails to state a claim for conspiracy absent specific facts showing a 'meeting of the minds' among the alleged co-conspirators.").

Plaintiff's civil conspiracy claim alleges that Defendants "targeted Plaintiff specifically for coercive investigative and regulatory action," held meetings instructing agents to target Plaintiff's properties, and that "Defendants conspired to intentionally subject Plaintiff's properties to substantially more administrative scrutiny and activity than previous or subsequent owners or operators." (Doc. 17) at 9. Plaintiff's conclusory allegations that Defendants targeted him or "conspired" to subject Plaintiff to more scrutiny are not sufficient to state a conspiracy claim. Moreover, Plaintiff does not allege who attended the meetings, when the meetings occurred, what was discussed at the meetings, or how any alleged wrongdoing was carried out. Even considering Plaintiff's allegation in his response brief that Mr. Martin sent an email stating Plaintiff was a "problem operator," Plaintiff does not allege any agreement, "meeting of the minds," or concerted action among Defendants. Consequently, the Court finds that Plaintiff fails to state a claim for conspiracy with sufficient particularity.

Plaintiff also asserts a claim for a regulatory taking against the State Defendants, alleging that Defendants' actions have affected his business, personal life, and health because he has had to spend tens of thousands of dollars attempting to comply with the federal and state agencies' regulations. (Doc. 17) at 10-11. He further states he has had to "divest his most valuable properties in an attempt to rebuild his now destroyed business," and that he has been "prevented from properly operating his business in a practical or professional manner." *Id.*

"Generally, regulatory acts constitute a taking if they are a *per se* taking, i.e., a permanent physical invasion of one's property, or a complete deprivation of all economically beneficial use

of one's property." *Heartland Biogas, LLC v. Bd. of Cty. Comm'rs of Weld Cty.*, 2017 WL 3730997, at *11 (D. Colo.) (citing *Ramsey Winch Inc. v. Henry*, 555 F.3d 1199, 1208 (10th Cir. 2009)); *see also Goldblatt v. Town of Hemptstead, N.Y.*, 369 U.S. 590, 592-94 (1962) (explaining that to state a takings claim, a plaintiff must show that he was subject to regulations that prohibited him from all, or substantially all, of the beneficial use of his property). While Plaintiff asserts he has had to spend a lot of money and sell his most valuable properties to comply with Defendants' regulations, he does not allege he was prohibited from using his property or deprived of all economically beneficial use of his property. Moreover, as set forth above, 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution and requires a plaintiff to allege some personal involvement by an identified government official acting under color of law that results in deprivation of constitutional rights. *See* 42 U.S.C. § 1983; *Fogarty*, 523 F.3d at 1162. Again, no individuals are named in Plaintiff's Amended Complaint. Even considering Plaintiff's allegations against Mr. Martin and Ms. Marks in his response brief, those allegations only assert that an email labeled Plaintiff as a "problem operator." Plaintiff does not allege any action by an individual that resulted in Plaintiff being deprived of his property. Therefore, the Court finds Plaintiff has failed to state a claim for relief against the State Defendants for a regulatory taking.

### III. Conclusion

For the reasons stated above, the Court finds that it lacks jurisdiction to hear Plaintiff's claims against the State Defendants, and that Plaintiff has failed to state a claim against the State Defendants. The Court recommends Plaintiff's claims against the State Defendants be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice[].");  *Gee v. Pacheco*, 627 F.3d

1178, 1195 (10th Cir. 2010) (explaining that dismissal of a *pro se* complaint with prejudice for failure to state a claim is only proper where it would be futile to give the plaintiff an opportunity to amend).

**IT IS THEREFORE RECOMMENDED** that the Motions to Dismiss filed by Defendants New Mexico State Land Office and New Mexico Oil Conservation Division, (Docs. 18 and 21), be **GRANTED** and Plaintiff's claims against Defendants New Mexico State Land Office and New Mexico Oil Conservation Division be **DISMISSED WITHOUT PREJUDICE**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION.  A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION.  IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED. PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.