UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LARRY MARKER,

        Plaintiff,

v.                                                                           No. 2:20-cv-00631 MV/KRS

DEPARTMENT OF THE INTERIOR,
Bureau of Land Management, Pecos District;
NEW MEXICO ENERGY MINERALS
AND NATURAL RESOURCES, New Mexico
Oil Conservation Division; and
NEW MEXICO STATE LAND OFFICE,

        Defendants.

**ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Magistrate Judge Kevin R. Sweazea's proposed findings and recommended disposition ("PFRD"), (Doc. 35), filed February 23, 2021. In the PFRD, the Magistrate Judge recommended that the Motions to Dismiss filed by Defendants New Mexico State Land Office ("NM SLO") and New Mexico Oil Conservation Division ("NM OCD"), (Docs. 18 and 21), be granted and Plaintiff's claims against these State Defendants be dismissed without prejudice. On March 8, 2021, Plaintiff filed objections to the PFRD. (Doc. 36). No response to the objections has been filed and the time for doing so has passed. Having considered the PFRD, Plaintiff's objections, the record of the case, and relevant law, the Court will overrule Plaintiff's objections and adopt the PFRD.

    **I.**     **Background**

Plaintiff owns and operates oil and gas wells on federal and New Mexico state leases in Chaves and Eddy Counties. (Doc. 17) at 2 (Amended Complaint). Plaintiff alleges "a nefarious, planned, coordinated effort on the part of the named agencies that deprived Plaintiff of

fundamental property rights, due process and fair, equal treatment." *Id.* at 3.  Plaintiff asserts three claims against the State Defendants – Fraud, Civil Conspiracy, and Fifth Amendment Regulatory Taking.  (Doc. 17) at 8-10 (Claims 3, 5, and 7).  He states that he brings his claims under the Federal Tort Claims Act ("FTCA") and 42 U.S.C. § 1983.  *Id.* at 2.

In the PFRD, the Magistrate Judge first considered the State Defendants' motions to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.  The Magistrate Judge explained that the Court lacks subject matter jurisdiction over any claims brought under the FTCA against the State Defendants because "[t]he United States is the only proper defendant in a federal tort claims action." *Gaines v. Pearson*, 516 F. App'x. 724, 726 (10th Cir. 2013) (concluding that district court lacked subject matter jurisdiction over plaintiff's FTCA claim against any defendant other than the United States) (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)).  The Magistrate Judge further found that Section 1983 does not provide jurisdiction for Plaintiff's claims against the State Defendants because NM SLO and NM OCD are state agencies.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67, 71 (1989) (explaining Section 1983 does not abrogate states' sovereign immunity, and neither the states nor their agencies qualify as "persons" under Section 1983); *see also Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished).

The Magistrate Judge noted that in Plaintiff's Response to NM SLO's Motion to Dismiss, Plaintiff names two individuals – Ed Martin and Allison Marks of the SLO.  (Doc. 22) at 2-3.  These individuals are not named in Plaintiff's Amended Complaint and Plaintiff does not move to amend his complaint and add them as defendants.  Moreover, because Plaintiff does not make sufficiently specific allegations about them to state a claim for relief, the Magistrate Judge found that Plaintiff's references to these individuals in his response brief are insufficient to establish

2

jurisdiction over the State Defendants.  Additionally, the Magistrate Judge considered whether Plaintiff properly asserted claims under the New Mexico Tort Claims Act ("NMTCA").  The Magistrate Judge found that Plaintiff's claims are not among those for which the State of New Mexico has waived sovereign immunity, and Plaintiff fails to allege that he provided notice of intent to sue as required by the NMTCA.  *See* N.M.S.A. § 41-4-16.  For these reasons, the Magistrate Judge recommended dismissing Plaintiff's claims against the State Defendants for lack of jurisdiction.

The Magistrate Judge next considered the State Defendants' motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  The Magistrate Judge found that Plaintiff failed to state a claim for fraud because his allegation that NM OCD may have denied the existence of an agreement to the Bureau of Land Management ("BLM") is hypothetical and conclusory and fails to state with particularity the time, date, place, and contents of the alleged false representation or the identity of the party making the statement.  The Magistrate Judge similarly found that Plaintiff's claim for civil conspiracy against the State Defendants was conclusory because he failed to allege any agreement, meeting of the minds, or concerted action among Defendants.  Finally, the Magistrate Judge found that Plaintiff failed to state a claim for a regulatory taking because he did not allege that he was prohibited from using his property or deprived of all economically beneficial use of his property.

**II.     Plaintiff's Objections**

Plaintiff first objects to the Magistrate Judge's finding that he did not provide notice of intent to sue and states that he filed a Federal Tort Claim with the BLM on May 2, 2019, which was denied on January 28, 2020.  (Doc. 36) at 1.  Plaintiff clarifies that he brings his claims against the BLM under the Federal Tort Claims Act and against the State Defendants under

Section 1983. *Id.* at 1-2. This objection does not alter the Magistrate Judge's recommendation. Instead, the Magistrate Judge correctly noted that Plaintiff did not file a notice of intent to sue the State Defendants while acknowledging Plaintiff's Federal Tort Claim with the BLM. *See* (Doc. 35) at 6, n.1. Therefore, the Court overrules Plaintiff's objection to the extent that he challenges the PFRD regarding the failure to file a notice of intent to sue the State Defendants.

Next, Plaintiff objects to the recommended dismissal of his claims against the State Defendants because he argues that he needs additional information from BLM to identify state employees who violated his constitutional rights. (Doc. 36) at 2-4. Plaintiff attaches several emails to his objections and contends that these emails "incriminate employees both [at] the State Land Office and the Oil Conservation Divisions." *Id.* at 3. Plaintiff also states that these communications "show at least some amount of participation in a deprivation of Defendant[']s rights that continued for an extended period of time," and that the "level of participation by the State Land Office and the Oil Conservation Division and its employees has yet to be determined." *Id.* at 4.

As explained in the PFRD, Section 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). To proceed under Section 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*,

4

556 U.S. 662, 676, (2009).  Thus, Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under Section 1983.  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

In Plaintiff's Amended Complaint, he does not identify any individual official and, instead, names NM SLO and NM OCD, which are state agencies.  As such, Plaintiff's claims are against the State of New Mexico and the State is not a "person" within the meaning of 42 U.S.C. § 1983.  *See Will*, 491 U.S. at 67, 71 (neither states nor their agencies qualify as "persons" under Section 1983); *see also Wood*, 414 F. App'x at 105.  Therefore, there is no remedy against the State Defendants under Section 1983.

While Plaintiff argues in his objections that he needs additional information to name individual actors, Plaintiff still does not "explain what each defendant did to him []; when the defendant did it; how the defendant's action harmed him []; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Instead, Plaintiff's Amended Complaint alleges that NM OCD may have denied the existence of an agreement to BLM and that Defendants targeted and conspired against him.  (Doc. 17) at 8-11.  As stated in the PFRD, these claims are hypothetical and conclusory because they fail to allege with particularity the time, date, place, and specific actions that allegedly deprived Plaintiff of his rights.  The emails attached to Plaintiff's objections do not cure these deficiencies.  Instead, the emails are mostly to and from BLM employees, not state agency employees, and Plaintiff does not assert any particular action or harm by an individual.  Moreover, the Magistrate Judge recommends dismissing Plaintiff's claims against the State Defendants without prejudice, whereby Plaintiff will have an opportunity to move to amend his complaint and add claims and defendants if additional discovery so warrants.  *See Gee v.*

*Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (explaining that dismissal of a *pro se* complaint with prejudice for failure to state a claim is only proper where it would be futile to give the plaintiff an opportunity to amend).

For these reasons, the Court will overrule Plaintiff's objections, adopt the PFRD, and dismiss Plaintiff's claims against the State Defendants without prejudice. This case will proceed as to the BLM. If Plaintiff discovers information that allows him to bring sufficiently specific claims under 42 U.S.C. § 1983, he may file a motion to amend his complaint at that time.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Objections, (Doc. 36), are overruled;

2. The PFRD, (Doc. 35), is adopted;

3. The Motions to Dismiss filed by Defendants New Mexico State Land Office and New Mexico Oil Conservation Division, (Docs. 18 and 21), are granted; and

4. Plaintiff's claims against Defendants New Mexico State Land Office and New Mexico Oil Conservation Division are dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE