**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LARRY MARKER,

       Plaintiff,

v.                                         No. 2:20-cv-00631 MV/KRS

DEPARTMENT OF THE INTERIOR,
Bureau of Land Management, Pecos District,

       Defendant.

<u>ORDER TO SHOW CAUSE</u>

This matter is before the Court *sua sponte*. The Court scheduled a telephonic Rule 16 scheduling conference for May 11, 2021, at 9:00 a.m. (Doc. 38). Attorney Cassandra Currie appeared on behalf of Defendant. Plaintiff Larry Marker, pro se, did not appear. The record reflects that the Court's Initial Scheduling Order setting the scheduling conference was emailed to Plaintiff at his email address of record.

Pro se litigants are required to follow the Federal Rules of Procedure, the Court's Local Rules, and orders entered by the Court. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (explaining a party's pro se status does not excuse his obligation to comply with the fundamental requirements of civil procedure rules or orders of the Court); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (explaining pro se parties must comply with same procedural rules that govern all other litigants). Plaintiff's failure to appear for the hearing is in violation of the Court's Initial Scheduling Order. The Court may impose sanctions under its inherit power to regulate its docket and promote judicial efficiency when an attorney or pro se party willfully disobeys a court order. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Olsen v. Mapes*,

333 F.3d 1199, 1204 (10th Cir. 2003); *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984).

Similarly, under Rule 16(f), the Court may impose sanctions if a party or an attorney fails to

obey a scheduling or other pretrial order.   *See* Fed. R. Civ. P. 16(f)(1)(C); *Gripe v. City of Enid*,

312 F.3d 1184, 1188 (10th Cir. 2002) (explaining Rule 16(f) gives courts "very broad discretion

to use sanctions where necessary to insure … the expeditious and sound management of the

preparation of cases for trial") (citation omitted).   One such sanction within the discretion of the

Court is to dismiss an action for want of prosecution.   *See, e.g., Link v. Wabash R.R. Co.*, 370

U.S. 626, 628-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856

(10th Cir. 2005).

     IT IS THEREFORE ORDERED that **no later than May 21, 2021**, Plaintiff must show

cause in a written document why his case should not be dismissed for failure to appear for the

scheduling conference.   Plaintiff is warned that failure to comply with this Order may result in

sanctions, including recommendation of dismissal of his case.   *See Ehrenhaus v. Reynolds*, 965

F.2d 916, 920-21 (10th Cir. 1992).


_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

2