IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LARRY MARKER,

        Plaintiff,

v.                                                              No. 2:20-cv-00631 MV/KRS

DEPARTMENT OF THE INTERIOR,
Bureau of Land Management, Pecos District,

        Defendant.

SECOND ORDER TO SHOW CAUSE
AND GRANTING EXTENSION OF TIME TO FILE RESPONSE

        This matter is before the Court upon review of the record. On June 24, 2021, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim. (Doc. 50). Pursuant to the Court's Local Rule 7.4, Plaintiff's response to the Motion to Dismiss was due July 8, 2021, but was not filed. On July 27, 2021, Defendant filed a Notice of Completion of Briefing. (Doc. 51). Thereafter, on August 6, 2021 Plaintiff filed a document requesting an extension of time to July 23, 2021 to respond to the Motion to Dismiss. (Doc. 52).

        While Plaintiff's request for an extension of time was filed after both his response deadline and the requested extension, the Court will grant Plaintiff's request for an extension, *nunc pro tunc*. However, Plaintiff has had ample time to file his response to the Motion to Dismiss and has not done so. Plaintiff's failure to respond to the Motion to Dismiss constitutes consent to grant the motion. *See* D.N.M. LV-Civ. 7.1. Moreover, this is not Plaintiff's first failure to comply with the Court's deadlines. *See* (Doc. 43) (Order to Show Cause entered due to Plaintiff's failure to appear for Rule 16 scheduling conference). As explained in the Court's

first Order to Show Cause, pro se litigants are required to follow the Federal Rules of Procedure and the Court's Local Rules.  *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (explaining a party's pro se status does not excuse his obligation to comply with the fundamental requirements of civil procedure rules); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (explaining pro se parties must comply with same procedural rules that govern all other litigants).   The Federal Rules of Civil Procedure authorize the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal citation omitted).   As the Tenth Circuit has emphasized, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." *Rogers v. Andrus Transp. Svcs.*, 502 F.3d 1147, 1152 (10th Cir. 2007).

      IT IS THEREFORE ORDERED that **no later than October 12, 2021**, Plaintiff must either file a response to Defendant's Motion to Dismiss or file a written document showing cause why his case should not be dismissed for failure to prosecute.   Plaintiff is warned that failure to comply with this Order may result in sanctions, including recommendation of dismissal of his case.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE