UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LARRY MARKER,

        Plaintiff,

v.                                                                                                     No. 2:20-cv-00631 MV/KRS

DEPARTMENT OF THE INTERIOR,
Bureau of Land Management, Pecos District,

        Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Claims for Lack of Subject Matter Jurisdiction and Failure to State a Claim, (Doc. 50), filed June 24, 2021. Plaintiff, who is proceeding *pro se*, failed to timely respond to the Motion to Dismiss. The Court entered an Order to Show Cause requiring Plaintiff to either file a response or show cause why Plaintiff's case should not be dismissed for failure to prosecute. (Doc. 53). In response to the Court's Order to Show Cause, Plaintiff filed a response to the Motion to Dismiss on October 15, 2021. (Doc. 54). On October 29, 2021, Defendant filed a reply. (Doc. 55). This case has been referred to the undersigned pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to recommend an ultimate disposition of Plaintiff's claims. (Doc. 20). Having considered the Motion to Dismiss, the parties' briefing, the record of the case, and relevant law, the Court recommends granting the Motion to Dismiss and dismissing Plaintiff's claims without prejudice.

    **I.**      **Background**

Plaintiff owns and operates oil and gas wells in New Mexico on land managed by the Bureau of Land Management ("BLM"). (Doc. 17) (Amended Complaint). In 2018, the BLM

issued Incidents of Noncompliance ("INCs") to Plaintiff and assessed civil penalties against him. (Doc. 50) at 2.  On September 18, 2018, Plaintiff filed objections to the INCs and penalties with the New Mexico State Office ("NMSO") through the State Director Review process under 43 C.F.R. § 3165.3.  (Doc. 50-1).  The NMSO affirmed the BLM's issuance of the INCs and reduced the civil penalty.  *Id.*  On December 4, 2019, pursuant to the NMSO's decision, the Interior Board of Land Appeals ("IBLA") issued an order affirming the issuance of the INCs and penalties.  On March 19, 2020, the IBLA denied Plaintiff's request for reconsideration of its decision.  (Doc. 50-2).

On September 14, 2018, Plaintiff filed a Freedom of Information Act ("FOIA") request with the BLM, which the BLM responded to on November 29, 2018.  *Id.*  In addition, on May 2, 2019, Plaintiff filed an administrative tort claim with the BLM alleging claims regarding the administration of his oil and gas leases and FOIA requests and claiming $22,275,000 in damages.  On January 28, 2020, the Office of the Solicitor, Torts Practice Branch, denied Plaintiff's tort claim.  (Doc. 50) at 2; (Doc. 17) at 2.

Plaintiff filed his Complaint on June 30, 2020, and filed an Amended Complaint on August 24, 2020.  (Docs. 1 and 17).  Plaintiff brought claims against the BLM and two State Defendants – the New Mexico State Land Office and the New Mexico Oil Conservation Division.  On March 31, 2021, the presiding judge adopted the Court's Proposed Findings and Recommended Disposition and dismissed Plaintiff's claims against the State Defendants.  (Doc. 37).  Plaintiff brings his claims against the remaining Defendant (the BLM) under the Federal Tort Claims Act ("FTCA") and 42 U.S.C. § 1983.  (Doc. 17) at 2.  Plaintiff alleges "a nefarious, planned, coordinated effort on the part of the named agencies that deprived Plaintiff of fundamental property rights, due process and fair, equal treatment."  *Id.* at 3.  He further alleges

that a "continuing campaign of intimidation and harassment has resulted in an abusive boiling quagmire of investigations, audits, sanctions, fines, reviews, inspections and slander eroding Plaintiff[']s ability to properly operate his wells, maintain and manage his business." *Id.* Specifically, Plaintiff claims that the BLM targeted his properties for inspection as "illegal pre-textual searches" looking for evidence of criminal activity, imposed an excessive fine, misrepresented the contents of an order from the New Mexico Oil Conservation Division, and failed to provide documents Plaintiff was entitled to pursuant to his FOIA request. *Id.* at 4-11. Plaintiff alleges violations of his Fourth, Fifth, and Eighth Amendment rights, fraud, negligence, civil conspiracy, and abuse of discretion. *Id.* at 4-11. Plaintiff asks the Court to award him "damages and compensation equal to the projected income of divested properties." *Id.* at 12.

## II.     Legal Standard

Defendant moves to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(1), courts must dismiss a complaint if there is a lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted). As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.").

Motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter

jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995)). These two forms of attack differ. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion: the court must consider the complaint's allegations to be true. *See id.* But when the attack is factual, a district court may not presume the truthfulness of the complaint's factual allegations. "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt*, 46 F.3d at 1003. "In such instances, a court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment]." *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true "all well-pleaded factual allegations in a complaint and views these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009); *Morris v. City of Colorado Springs*, 666 F.3d 654, 660 (10th Cir. 2012). In order to survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face"). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "A claim has facial plausibility when the [pleaded] factual content . . . allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Jordan-Arapahoe v. Bd. of Cty. Comm'rs*, 633 F.3d 1022, 1025 (2011) (quoting *Iqbal*, 556 U.S. at 663).

In addition, the Court takes note of Plaintiff's *pro se* status. "[A] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Smith*, 561 F.3d at 1096 (citations omitted). In *Hall v. Bellmon*, the Tenth Circuit stated:

> We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

935 F.2d 1106, 1110 (10th Cir. 1991). Even so, the court "will not supply additional factual allegations to round out a plaintiff's complaint or to construct a legal theory on a plaintiff's behalf." *Id.* Moreover, a *pro se* plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a *pro se* plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

**III. Discussion**

**A. Plaintiff's Claims Under the Federal Tort Claims Act**

Plaintiff's claims against the BLM or any BLM employees in their official capacity are in effect claims against the United States. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991) (explaining that the real party in interest in an official capacity suit is the government and not the named official); *Cortez v. EEOC*, 585 F.Supp.2d 1273, 1283 (D.N.M. 2007) ("A federal department or agency may be sued only if Congress has authorized the action, because the United States is the real party in interest.") (citation omitted). The doctrine of sovereign immunity provides that "the United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."

*Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996) (citation omitted).  It is "axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (citations omitted).  It is Plaintiff's burden to prove that sovereign immunity has been waived.  *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992); *see also Untied States v. Murdock Mach. And Eng'g of Utah*, 81 F.3d 922, 930 (10th Cir. 1996) (explaining that a waiver of sovereign immunity cannot be implied and must be unequivocally expressed).

The only statutory authority to sue the United States for common-law torts is under the FTCA, 28 U.S.C. §§ 2671-2680.  The FTCA waives the United States' immunity for certain tort claims and makes the United States liable for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  Because the FTCA constitutes a partial waiver of the United States' immunity, its provisions must be strictly construed, and a court should neither narrow the waiver nor "take it upon [itself] to extend the waiver beyond that which Congress intended."  *Smith v. United States*, 507 U.S. 197, 203 (1993).  Whether or not the United States has consented to a particular type of suit is a threshold jurisdictional issue and, if a court concludes that the United States has not waived its immunity to suit in a particular matter, the court does not have jurisdiction to hear the case and it must be dismissed.  *See Franklin v. United States*, 992 F.2d 1492, 1495 (10th Cir. 1993).

### 1. Proper Defendant

Defendant first asserts that Plaintiff's claims against the BLM should be dismissed because the Department of the Interior is not a proper defendant under the FTCA. (Doc. 50) at 7-8. Defendant is correct that the United States is the only proper defendant in an FTCA action—not a federal agency or employee. *See Smith*, 561 F.3d at 1099; *Rehobeth McKinley Christian Health Care Servs., Inc. v. U.S. Dept. of Health and Human Servs.*, 853 F. Supp. 2d 1107, 1113 (D.N.M. 2012). If this were the only issue with Plaintiff's FTCA claims, it could be easily cured by a substitution of parties. However, even if Plaintiff properly named the United States as the defendant in this lawsuit, his Amended Complaint would still be subject to dismissal for several reasons set forth below. Accordingly, the Court declines to recommend dismissal on this basis.

### 2. Discretionary Function Exception

Defendant next argues that the FTCA does not provide jurisdiction for Plaintiff's claims because the complained-of actions fall within the discretionary function exception to the FTCA. (Doc. 50) at 8-11 (addressing Claims 1, 2, 4, 5, and 7). The discretionary function exception provides that the United States' immunity is maintained for claims that are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved is abused." 28 U.S.C. § 2680(a). "The discretionary function exception marks the boundary between Congress' willingness to impose tort liability on the United States and the desire to protect certain decision-making from judicial second guessing." *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988).

In *Berkovitz*, the Supreme Court announced a two-prong analysis for determining when the FTCA's discretionary function exception applies. 486 U.S. at 536. First, acts or omissions by the government employee must "involve[] an element of judgment or choice." *Id.* "Thus, the discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Id.* Second, the conduct must involve the type of decision-making that the discretionary function exception was designed to protect. *Id.* The purpose of the discretionary function exception is "to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Id.* at 536- 37. Therefore, the exception applies to "governmental actions and decisions based on considerations of public policy." *Id.* Importantly, in applying the *Berkovitz* analysis, the question of negligence is irrelevant. *See Redman v. United States*, 934 F.2d 1151, 1157 (10th Cir. 1991) ("When the government performs a discretionary function, the exception to the FTCA applies regardless of 'whether or not the discretion involved be abused.'") (quoting 28 U.S.C. § 2680(a)).

Plaintiff bears the burden of showing that the FTCA's discretionary function exception does not apply to his claims. *See Hardscrabble Ranch, L.L.C. v. United States*, 840 F.3d 1216, 1220 (10th Cir. 2016). Plaintiff alleges that BLM violated his constitutional rights by wrongly prioritizing inspections of his property, improperly issuing INCs and fines, and engaging in "adversarial and verbal abuse" with Plaintiff. (Doc. 17) at 5-11. Plaintiff also alleges the BLM erroneously issued him a citation and fine for shutting in two of his wells that the New Mexico Oil Conservation Division had ordered shut, and that the BLM "committed fraud" by denying knowledge of the shut-in order. *Id.* at 8.

As explained by Defendant, the BLM issued the INCs and fines pursuant to its regulatory authority under the Onshore Oil and Gas Operations regulations at 43 C.F.R. § 3160, et seq. These regulations provide broad discretion for the authorized officer to regulate oil and gas wells on federal land, including deciding how and when to conduct inspections and the discretion to shut down operations and issue civil penalties. *See* 43 C.F.R. §§ 3161.2, 3161.3, 3163.1(a)(2), 3163.2. The Tenth Circuit has explained that application of the discretionary function exception is "a threshold issue—a jurisdictional issue which precedes any negligence analysis." *See Johnson v. U.S. Dept. of Interior*, 949 F.2d 332, 335 (10th Cir. 1991). Accordingly, a plaintiff "must establish more than … abstract negligence … and, instead, must also first establish that her claims are not based upon actions immunized from liability under the FTCA's discretionary function exception." *Warren v. United States*, 244 F. Supp. 3d 1173, 1178 (D.N.M. 2017). Moreover, where agency policy allows an employee to exercise discretion, there is a "strong presumption" that the acts authorized by the policy are grounded in public policy. *United States v. Gaubert*, 499 U.S. 315, 324 (1991); *see also 4sees v. United States*, 2020 WL 5495183, at *7 (D. Utah) ("When established governmental policy allows a government agent to exercise discretion, however, it must be presumed that the agent's acts are grounded in policy when exercising that discretion.").

Plaintiff does not identify which mandatory statutes, regulations, or policies the BLM violated. Indeed, Plaintiff does not allege that the BLM engaged in anything other than the exercise of judgment based on considerations of public policy. Allegations of negligence and other wrongdoing by the BLM does not overcome Plaintiff's burden to establish that the BLM's actions are not shielded by the discretionary function exception. *See Johnson*, 949 F.2d at 340 (explaining that governmental immunity is preserved for "the exercise of policy judgment …

9

whether or not the discretion involved be abused") (citation omitted). Therefore, the Court finds that sovereign immunity is not waived and Plaintiff's tort claims against the BLM fall within the discretionary function exception to the FTCA. *See Hammonds v. United States*, 2018 WL 1399183, at *5 (D.N.M.) (dismissing the plaintiff's claims under the discretionary function exception to the FTCA because he failed to "identify what mandatory statutes, regulations, or directives have allegedly been violated with specificity"); *Warren*, 244 F. Supp. 3d at 1178 (granting motion to dismiss where complaint "fail[ed] to make the requisite allegations establishing that the discretionary function exception does not bar the Court's jurisdiction").

### 3. Intentional Tort Exception

Defendant also moves to dismiss Plaintiff's claims that fall within the intentional torts exception to the FTCA. (Doc. 50) at 12-13 (addressing Claims 1, 2, 3, 5, 7). The intentional torts exception bars FTCA actions for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). This exception is subject to the "law enforcement proviso," whereby a plaintiff may maintain a suit alleging that certain intentional torts were committed by federal law enforcement officers acting within the scope of their employment. *See Dry v. United States*, 235 F.3d 1249, 1257 (10th Cir. 2000). Here, however, Plaintiff does not allege that a law enforcement officer committed any of the enumerated torts. Accordingly, the Court finds that the FTCA's intentional tort exception applies to Plaintiff's claims for malicious prosecution, abuse of process, and misrepresentation, and recommends those claims be dismissed for lack of jurisdiction.

####    4. Private Party Analogue

In addition, Defendant moves to dismiss Plaintiff's claims based on the BLM's regulatory or administrative acts or omissions. (Doc. 50) at 13-14 (addressing Claims 1, 2, 4, 6, 7). While the FTCA waives the United States' sovereign immunity for certain negligence claims, it does so only if a private person, performing the same act as the United States, would be liable under the governing state law. 28 U.S.C. § 2764. The Tenth Circuit has explained that public administrative and regulatory functions are uniquely governmental functions that private persons are incapable of performing. *See United States v. Agronics, Inc.*, 164 F.3d 1343, 1345-46 (10th Cir. 1999) (citing 28 U.S.C. §§ 1346(b), 2674). As such, Plaintiff cannot maintain claims premised upon the BLM's administrative or regulatory acts or omissions because there is no private analogue to the BLM's work in regulating Plaintiff's wells. *See id.* (explaining that federal agencies cannot be held liable for administrative acts because they "generally involve a type of conduct that private persons could not engage in" and such review "constitute[s] an impermissible state law encroachment on the proper domain of the federal Administrative Procedures Act") (citation omitted). The Court recommends dismissal of Plaintiff's claims based on the BLM's regulatory and administrative acts or omissions.

For the reasons stated above, the Court finds that Plaintiff's tort claims against the BLM are not cognizable under the FTCA because they fall within the discretionary function and intentional torts exceptions, and because they are premised on the BLM's administrative and regulatory acts or omissions. Therefore, the Court recommends these claims be dismissed without prejudice. *See Mecca v. United States*, 389 Fed. Appx. 775, 780 (10th Cir. 2010) (unpublished) (explaining that dismissals for lack of jurisdiction, including those for a failure to

11

establish a waiver of sovereign immunity under the FTCA, should be without prejudice) (citing *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006)).

### B. Plaintiff's Constitutional Claims are not Cognizable

Defendant also moves to dismiss Plaintiff's constitutional claims, which are brought under the Fourth, Fifth, and Eighth Amendments.  (Doc. 50) at 14-16 (Claims 1, 2, and 7).  First, Defendant moves to dismiss these claims on the basis that the FTCA does not provide a remedy for constitutional violations.  *Id.* at 14.  Defendant is correct.  "By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right [and] the United States simply has not rendered itself liable under [the FTCA] for constitutional torts."  *FDIC v. Meyer*, 510 U.S. 471, 478 (1994); *Punchard v. U.S. Bureau of Land Mgmt.*, 180 Fed. Appx. 817, 819 (10th Cir. 2006) (unpublished) ("Constitutional torts are not cognizable under the FTCA.").  Accordingly, the Court recommends dismissal of Plaintiff's constitutional claims to the extent they are brought pursuant to the FTCA.

Defendant also contends that Plaintiff fails to state a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  A *Bivens* claim requires the plaintiff to plead that a government official, through the official's own individual actions, has violated the Constitution and is liable in his individual capacity.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994).  The plaintiff must also show that the official directly and personally participated in the constitutional violation.  *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013).  Here, Plaintiff fails to identify any individual official in his Amended Complaint and does not allege any individual-capacity claims.  In his response to the Motion to Dismiss, Plaintiff appears to claim that he cannot name individual officials without additional information he is entitled to pursuant to his FOIA request.  (Doc. 54) at 2 ("Plaintiff cannot possibly identify

specific involved BLM employees without a full disclosure of the information requested as required by law."). Nevertheless, Plaintiff has not identified any individuals, even as Doe defendants, who directly and personally participated in the purported constitutional violations.

As explained by the Tenth Circuit, for a *Bivens* action "it is particularly important" that plaintiffs "make clear exactly who is alleged to have done what to whom, … as distinguished from collective allegations." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (citation omitted). Indeed, a complaint stating that a plaintiff's rights "were violated" or that "defendants infringed his rights" will not suffice. *Pahls*, 718 F.3d at 1226; *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011) ("The Complaint refers to actions of Defendants but that is not sufficient to show how Secretary Williams might be individually liable for deprivations of [Mr. Brown's] constitutional rights.") (citation omitted). Throughout his Amended Complaint, Plaintiff challenges the actions of "the BLM" – not individual actors. Accordingly, Plaintiff fails to state a *Bivens* claim and the Court recommends that his constitutional claims be dismissed without prejudice. *See Tonkovich v. Kan. Bd. Regents*, 159 F.3d 504, 532 (10th Cir. 1998) (explaining that it is incumbent upon a plaintiff to "identify specific actions taken by particular defendants" in order to state a viable *Bivens* claim); *Punchard*, 180 Fed. Appx. at 819 (dismissing the plaintiff's *Bivens* claims against the BLM for failure to allege claims against federal employees acting in their individual capacities); *Kucera v. Central Intelligence Agency*, 754 Fed. Appx. 735, 737 (10th Cir. 2018) (unpublished) (dismissing without prejudice, on the basis of lack of subject-matter jurisdiction, action where the plaintiff did not articulate a proper *Bivens* claim against federal officials).

In addition, Defendant moves to dismiss Plaintiff's claim for regulatory taking under the Fifth Amendment. (Doc. 50) at 13-14. The exclusive jurisdiction for claims of unconstitutional

taking of private property of more than $10,000 is vested in the United States Court of Federal Claims pursuant to the Tucker Act. *See* 28 U.S.C. § 1491(a)(1); *Narramore v. United States*, 960 F.2d 1048, 1051 (9th Cir. 1992) ("When a property owner seeks compensation for a taking beyond the scope of the Government's condemnation action, the proper remedy is the Tucker Act; thus, when damages exceed $10,000, the proper forum is the Claims Court."). The Little Tucker Act grants concurrent jurisdiction to the United States District Court in cases where the amount in controversy is less than $10,000. *See* 28 U.S.C. § 1346(a)(2). However, a plaintiff attempting to invoke the subject matter of the federal district courts bears the burden to establish that his or her claim does not exceed the $10,000 jurisdictional limit established by the Little Tucker Act. *See Colo. Dept. of Highways v. U.S. Dept. of Transp.*, 840 F.2d 753, 755 (10th Cir. 1988) ("A party cannot avoid the exclusive jurisdiction of the Claims Court under the Tucker Act merely by artfully pleading injunctive, declaratory or mandatory relief when the purpose of the suit is to obtain money from the United States in excess of $10,000."). Plaintiff here makes no effort to establish that his claim does not exceed the $10,000 jurisdictional limit or to otherwise show he is bringing a claim under the Little Tucker Act. Therefore, the Court finds that Plaintiff has not properly invoked the subject matter jurisdiction of the Court for his regulatory taking claim. *See Cortez*, 585 F.Supp.2d at 1292 (dismissing the plaintiff's taking claim because he did not attempt to establish that his claim did not exceed the $10,000 jurisdictional limit).

### C. Plaintiff has not Exhausted Administrative Remedies for FOIA Claim

Next, Defendant moves to dismiss Plaintiff's FOIA claim for failure to exhaust administrative remedies. (Doc. 50) at 16-17. FOIA creates a private cause of action for the benefit of persons who have requested certain records from a public agency and whose request

has been denied. 5 U.S.C. § 552(a)(3). However, a person requesting information under FOIA is required to exhaust administrative remedies prior to filing suit in federal court. *See Oglesby v. U.S. Dept. of Army*, 920 F.2d 57, 61 (D.C.C. 1990) (explaining that plaintiffs are required to administratively appeal even untimely agency FOIA responses). Exhaustion allows the agency to have the full opportunity to exercise its discretion and expertise, and to make a factual record to support that discretion. *Id.* (explaining that FOIA ensures agencies the benefit of a full administrative process before suits can be filed); *see also Beagles v. Watkins*, 2017 WL 3927456, at *2 (D.N.M.).

On September 14, 2018, Plaintiff submitted a FOIA request to the BLM seeking electronic communications to or from the BLM office in Roswell, New Mexico on several subjects from January 1, 2013 to the present. (Doc. 50-3). On November 29, 2018, the BLM responded to Plaintiff's FOIA request by providing 483 pages of responsive records. *Id.* The BLM informed Plaintiff that he had 90 workdays to file a written appeal to the Department of the Interior's FOIA/Privacy Act Appeals Officer. *Id.* at 2. Plaintiff did not file an appeal. *See* (Doc. 50-4) (Declaration of Bernadette Read, FOIA Government Information Specialist for the BLM).

Plaintiff asserts that he has exhausted his administrative remedies because he filed a Federal Tort Claim with the BLM on May 2, 2019, and that the denial of that claim satisfied the requirement to exhaust administrative remedies under 28 U.S.C. § 2675(a). (Doc. 54) at 2. Plaintiff is correct that he was required to first file a Federal Tort Claim in order to pursue his claims under the FTCA. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (explaining that the FTCA's exhaustion requirement, codified at 28 U.S.C. § 2675(a), bars "claimants from bringing suit in federal court until they have exhausted their administrative remedies"). Plaintiff's FOIA claim, however, requires exhaustion of the FOIA administrative appeals

process. As explained in the BLM's response to Plaintiff's FOIA request, Plaintiff had 90 days to file a written appeal with the Department of the Interior's FOIA/Privacy Act Appeals Officer. (Doc. 50-3) at 2. Plaintiff's Federal Tort Claim was not a proper appeal of the FOIA request because it was not filed with the proper party and was filed more than 90 days after the BLM's response.

In addition, in his response to the Motion to Dismiss, Plaintiff lists additional FOIA requests and asserts he has not received adequate responses to those requests. (Doc. 54) at 2. Plaintiff's Amended Complaint only lists the September 4, 2018 FOIA request (NM-2018-070, FOIA BLM-20018-01269 1278 (9500)). *See* (Doc. 17) at 2-3. Plaintiff may not assert new claims regarding other FOIA requests in a response brief. Moreover, Defendant states that it has "fully responded and closed the second two FOIA requests" and Plaintiff concedes that he did not appeal any of his FOIA requests. (Doc. 55) at 4, n.2; (Doc. 54) (Plaintiff's response stating that he "has not had the opportunity to exhaust administrative remedies related to the FOIA Request"). For these reasons, the Court recommends dismissal without prejudice of Plaintiff's FOIA claim for failure to exhaust administrative remedies. *See Hayward v. Brill*, 163 Fed. Appx. 667, 669 (10th Cir. 2006) (unpublished) (stating that dismissal for failure to exhaust administrative remedies should be without prejudice, allowing plaintiff to re-file claim after curing deficiencies).

### IV. Conclusion

As set forth above, the Court lacks jurisdiction to hear Plaintiff's claims against the BLM under the FTCA and *Bivens*, and Plaintiff failed to exhaust his administrative remedies for his FOIA claim. Additionally, 42 U.S.C. § 1983 does not provide a cause of action for Plaintiff's claims against the BLM because it only applies to state actors acting under color of state law.

*See Gomez. v. Toledo*, 445 U.S. 635, 640 (1980).  For these reasons, the Court recommends that Plaintiff's claims be dismissed without prejudice.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss Claims for Lack of Subject Matter Jurisdiction and Failure to State a Claim, (Doc. 50), be **GRANTED** and Plaintiff's claims against the BLM, and this case, be **DISMISSED WITHOUT PREJUDICE**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c).  Written objections must be both timely and specific.  United States v. One Parcel of Real Prop., 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of de novo review by a district or appellate court.  In other words, if no objections are filed, no appellate review will be allowed.**